Kathryn **BURTON**, et al. **Plaintiffs,**

v.

Gale **NORTON**, et al. **Defendants.**

No. CIV.A.03–1102(EGS).

United States District Court, District of Columbia.

March 26, 2004.

Erik Scott Jaffe, Washington, DC, for Plaintiff.

Robert Lee Gulley, US Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

. Pending before the Court is defendants' Motion to Dismiss Plaintiffs'. Second Amended Complaint. Plaintiffs originally brought. this. action to "set aside . those specific depredation permits issued by Defendants Department of Interior, Fish and Wildlife Service ["FWS"], for the killing of mute swans in Connecticut, Vermont, New Hampshire, Massachusetts, Wisconsin and New Jersey." Second Am. Compl. ¶ 1. Plaintiffs also seek to "set aside the Service's recently announced policy ·as set forth in the final Environmental Assessment for the Management of Mute Swans in the Atlantic Flyway ("final EA"), in which the Service states that it will issue migratory bird depredation permits authorizing the take of up to 3100 feral mute swans annually in the Atlantic Flyway for the next ten years ...." Second Am. Compl. ¶ 1.

Defendants argue, and the Court agrees, that this case is now moot and should be dismissed. Specifically, as of October 10, 2003, FWS has withdrawn all of its active mute swan permits nationwide, and has also withdrawn the challenged Environmental Assessment ("EA"). Further, FWS has announced that it will refrain from issuing any new permits for depreda-

tion control purposes until a new environmental review is conducted in · accordance with the National Environmental Policy Act ("NEPA"). Notice· of the cessation of depredation permit issuance was given to all parties and the Court, and was published in the Federal Register. *See* Withdrawal of· Finding of No Significant Impact and Final Environmental Assessment on Management of Mute Swans in the Atlantic Flyway, 68 ¡ Fed.Reg. 58,126 (Oct. 8, 2003) (noting the withdrawal of the EA and .the Finding of No Significant Impact ("FONSI"), and stating "[n]o · new mute swan depredation permits will be issued pending completion of further review under the National Environmental Policy Act (NEPA).". Plaintiffs do not dispute that the permits, the EA, and the FONSI have been withdrawn. Rather, the crux of their argument is that defendants' actions amount to "voluntary cessation" and thus there is no guarantee that the FWS will refrain from issuing depredation permits in the future.

This fear, however, is belied by the actions of the FWS: the FWS explicitly stated—both orally ·in open court and through publication in the Federal Register—that no new depredation permits will issue until a new NEPA analysis is completed. *See* March 18, 2004 Hr'g Tr. at 4 (defendants' counsel stating, "The one thing the court can be assured of, as the plaintiffs can be, we're not going to issue any mute swan permits until that [the NEPA process] is completed. And as part of that process the public will have an opportunity to not only be aware of what we're doing but to participate and to provide their comments."). Thus, not only have the existing permits, the source of plaintiffs' alleged injuries, been withdrawn, but the FWS has certified that it will not issue any new depredation permits until the NEPA process is complete. The Court is inclined to

**18**

accept these representations, especially in view of the good faith, concrete actions—namely the extraordinary, voluntary step of *nationwide* depredation permit withdrawal—taken by defendants. *See Calton v. Babbitt,* 147 F.Supp.2d 4, 8 (D.D.C.2001) ("Absent a showing of bad faith, representations made by an administrative agency are entitled to a presumption of good faith."). The plaintiffs' speculative fear of some future unlawful action on the part of FWS does not save this case from mootness. *Transwestern Pipeline Co. v. F.E.R.C.,* 897 F.2d 570, 575 (D.C.Cir.1990) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."); *see also* March 18, 2004, Hr'g Tr. at 40 (defense counsel stating that the new NEPA process has not yet begun, and likely will not begin for two years). Of course, should the FWS suddenly begin issuing depredation permits before a new NEPA analysis is completed, plaintiffs will then have a concrete, live controversy to bring before the Court.[1]

Upon careful review of the Motion to Dismiss, the response and reply thereto, as well as the oral arguments of counsel, the Court finds that this action no longer presents a live case or controversy. Accordingly, it is by the Court hereby

**ORDERED** that defendants' Motion to Dismiss is **GRANTED**.

---

1. During oral argument on March 18, 2004, plaintiffs seemed to be arguing that the U.S. Department of Agriculture Animal and Plant Health Inspection Service ("APHIS") may be abusing permits that allow for the take of mute swans in "emergency" situations. *See* Hr'g Tr. at 14–20. However, APHIS is not a party to this action, so any APHIS actions not attributable to the named defendants are not properly before this Court.